**SAN FRANCISCO HEALTH PLAN,**
etc., et al., Plaintiff,

v.

**McKESSON CORPORATION, Defendant.**

**Civil Action No. 2008–10843–PBS.**

United States District Court,
D. Massachusetts.

Jan. 21, 2010.

Steve W. Berman, Barbara Mahoney, Sean R. Matt, Hagens Berman Sobol Shapiro LLP, Seattle, WA, Danny Chou, Owen Clements, Erik Rapoport, Attorney's Office, San Francisco, CA, Jeffrey D. Friedman, Hagens Berman Sobol Shapiro LLP, Berkeley, CA, Edward Notargiacomo, Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP, Cambridge, MA, James L. Ward, Jr., Richardson, Patrick, Westbrook & Brickman, L.L.C., Pleasant, SC, for Plaintiff.

James P. Bennett, Lori A. Schechter, Morrison & Foerster LLP, San Francisco, CA, John A. Kiernan Bonner, Kiernan, Boston, MA, Trebach & Crociata, LLP, for Defendant.

**MEMORANDUM AND ORDER ON McKESSON'S EMERGENCY MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS (# 86)**

COLLINGS, United States Magistrate Judge.

Discovery in this case along with two other cases, C.A.2008–10900–PBS and C.A.2008–

11349–PBS, has been ongoing and is scheduled to be completed by February 19, 2010. Counsel have agreed that the defendant may take thirty depositions in total in the three cases, thereby being within the limit prescribed by Rule 30(a)(2)(A)(I), Fed.R.Civ.P. McKesson seeks leave of Court to take an additional eleven depositions which would bring the total for the three cases to forty-one. The plaintiffs oppose allowing more than thirty.

McKesson has set forth the reasons why it needs an additional nine depositions; it seeks permission to take the additional two in case the need arises between now and February 19th although at this point, it does not know whether it will need to depose two additional persons, and if so, who those persons are.

 For starters, the Court will not grant leave to depose two additional persons without any showing of a demonstrable need to do so. In the absence of an agreement between the parties, to secure leave to depose more than ten persons in a case, the party seeking the additional depositions must specify who is to be deposed and the reasons why their testimony is necessary.

 As to the other nine additional depositions, McKesson has set forth the reasons why it needs the depositions, and the plaintiffs have argued why, in their view, McKesson does not need them. Without going into detail, the Court's view is that the defendant has probably set forth adequate reasons, although the reasons are stronger for some proposed deponents than others.

Plaintiffs are correct that the purpose of the limitation in the rule is to force counsel to think long and hard about who they want to depose and to depose only those who are really important, so as to stay within the limit set by the rule. It is also true that courts should not freely grant relief from the limits without a showing of need.

That being said, the Court does not believe that it is appropriate for a court to second-guess the need for additional depositions if counsel has a good-faith basis for seeking them and has made a *prima facie* showing that they are necessary. Counsel know the case far better than the court, and counsel's judgment about what it needed is entitled to a good deal of deference. What is at stake in this litigation in monetary terms is quite substantial. Further, in our adversarial system, opposing counsel is not always the best judge of the other party's needs in litigation.

So as with many legal issues, a balance must be struck between upholding the limitations of the rule and the reasons for those limitations on the one hand and counsel's judgment as to the needs of his or her case on the other. That balance is best struck by allowing the additional depositions but building in a deterrent to counsel not to take any depositions as to which the need is weaker.

The manner in which the Court strikes the balance is as follows: the defendant may take the nine additional depositions, but if it chooses to take more than five, the defendant shall pay the reasonable costs, including attorney's fees, incurred by the plaintiffs with respect to the additional four depositions. These costs will include the cost of plaintiffs' counsel's travel to and from the place of the deposition, the attorney time in preparing for and attending the depositions, and the cost of a transcript for plaintiffs' counsel.[1]

Accordingly, it is ORDERED that McKesson's Emergency Motion for Leave to Take Additional Depositions (# 86) be, and the same hereby is, ALLOWED to the following extent. The defendant may take nine additional depositions in the three cases, but if the defendant takes more than five additional depositions, it shall reimburse plaintiff's counsel for the reasonable costs, including attorney's fees, incurred by plaintiffs' counsel in connection with each such deposition above the five detailed, *supra*. It is FURTHER ORDERED that McKesson's Emergency Motion for Leave to Take Additional Depositions (# 86) be, and the same hereby is, otherwise DENIED.

---

1. Since counsel reported that at least one of the claims in the case is pursuant to a fee-shifting statute, if the plaintiffs prevail on such a claim, they may well recover the cost of all depositions which defendant will have taken in the case.